## AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made on this 25 day of November, 2015, by and between 1111 Roof Top, LLC ("Roof Top") and Jonas Millan ("Millan") (together, "Defendants"), and Christopher Garcia ("Garcia" or "Plaintiff"):

WHEREAS, Plaintiff and Defendants (Plaintiff and Defendants are collectively referred to herein as "the Parties"), desire to resolve, settle, and agree to approval by the Court and dismissal with prejudice of all claims and all issues which were or might have been raised in Plaintiff's Complaint filed in the Southern District of Florida, Case No. 15-22308-CIV-UU *Christopher Garcia, et al v. 1111 Roof Top, LLC and Millan* (the "Litigation"), and to preclude and release all claims of any kind, including any other claims under the Florida Minimum Wage Act, Article X, Section 24 of the Florida Constitution ("FMWA"), the Fair Labor Standards Act of 1938, as amended ("FLSA"), and/or any related common law and/or statutory claims for unpaid or overtime wages, unpaid or misappropriated gratuities, unjust enrichment, breach of contract, or any other claim which Plaintiff (including, but not limited to, any present or former spouses, dependents, heirs, counsel, executors, successors, agents, assigns or representatives of the Plaintiff's referred to collectively hereafter as "Plaintiff") has made or could make against Defendants, whether known or unknown, arising up to and as of the date of the execution of the instant Agreement;

WHEREAS, the Parties understand and agree that the Defendants named herein (which include, but are not limited to, the above-captioned entities, and any present or former parent corporation(s), subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, successors, counsel, assigns, administrators, executors, owners, officers, partners, directors, agents, employees, representatives thereof and any present or former spouse, dependents, counsel, heirs, executors, successors, agents, assigns or representatives, personally and as otherwise might relate to them, who are all collectively referred to throughout this Agreement hereafter as "Defendants"), denies the allegations of wrongdoing of the Litigation;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever; and,

WHEREAS, the Parties wish to avoid litigation, settle, and resolve the controversy between them amicably and expeditiously.

1




NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby,

STIPULATED AND AGREED by and between the undersigned Parties that the Litigation is hereby resolved as follows:

1. **Recitals**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **Consideration**. In consideration for the execution by Plaintiff of this Agreement, and compliance by Plaintiff with the promises made herein, Defendants agree to pay the below sums to Plaintiff and his attorney immediately after all three of the following conditions are met:  a) the receipt of this Agreement containing Plaintiff's original signature; b) the Court's entry of an Order approving this settlement and dismissing the Litigation with prejudice; and c) a W-9 Form for Garcia:

> a) A check payable to "Christopher Garcia" in the amount of One Thousand Five Hundred Dollars ($1,500.00), less applicable withholdings, representing wages and liquidated damages, for which Garcia shall receive a Form 1099;

> b. Defendants shall issue appropriate tax forms to Garcia. Defendants have not given Garcia any tax advice and Garcia must ensure that all taxes relating to the payments made hereunder properly are paid.  Plaintiff hereby agrees, represents and covenants that he will report and pay whatever taxes may be due by him, if any, as a result of the above-described payments by the Defendants (collectively, the "Settlement Payments")  and that he will indemnify and hold harmless the Defendants against any claims relating thereto, including reasonable attorney's fees, interest and penalties. The Plaintiff also hereby agrees, represents and covenants that he is solely responsible for, and will pay, any attorneys' fees and costs owed to the Kuvin Firm and/or any other law firm or counsel and that he will indemnify and hold harmless the Defendants against any claims relating to such attorneys' fees and costs. The Settlement Payments shall constitute full satisfaction of all of the Plaintiff's claims against Defendants, including but not limited to any claims for costs or attorneys' fees, and a release of other claims and causes of action as set forth below.

> c. The consideration represents a complete settlement, satisfaction, release, and waiver of all claims, including, but not limited to, those for alleged lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff may have against Defendants.

3. **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

2

CG

JM

4. **General Release of Claims**. In return for the payments identified in Paragraph 2, Plaintiff knowingly and voluntarily waives, releases, and forever discharges Defendants of and from any and all claims, whether known and unknown, he has or may have against Defendants as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Florida Minimum Wage Act, Article X, § 24 of the Florida Constitution;
- The Fair Labor Standards Act;
- Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Plaintiff Retirement Income Security Act of 1974 ("ERISA"), as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990 (the "ADA"), as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- Family & Medical Leave Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistle-blower's Act – Fla. Stat. § 448.101, et seq.;
- Florida's Public-Sector Whistle-blower's Act – Fla. Stat. § 112.3187, et seq.;
- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Provision Regarding Wage Rate Discrimination Based on Sex – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida Omnibus AIDS Act – Fla. Stat. § 760.50;
- Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait – Fla. Stat. §§ 448.075, 448.076;
- Florida's General Labor Regulations, Fla. Stat. ch. 448;
- Any other federal, state or local wage, compensation, benefits, civil rights or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law.

5. **Acknowledgments and Affirmations**.

      a. Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim against Defendants, other than the Litigation.

3


CG

JM

       b.      Plaintiff affirms that, upon payment of the sums in this Agreement, he has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled from Defendants related to her prior employment. Plaintiff affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

       c.      Plaintiff affirms he has no known workplace injuries or occupational diseases.

       d.      Plaintiff further affirms he has not been retaliated against for reporting any allegations of wrongdoing by Defendants, including violations of the Fair Labor Standards Act or any allegations of corporate fraud. The Parties acknowledge that this Agreement does not limit either Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

       6.      **Neutral Reference, No Rehire & No Re-Entry**. Defendants agree to provide a neutral employment reference for Plaintiff in response to any prospective employment inquiry made to Defendants. Specifically, in response to any inquiry by an employer concerning Plaintiff, Defendants will provide only dates of employment and the last position held by Plaintiff. In order for this provision to be effective, Plaintiff agrees to direct any employer seeking the reference from Defendants to:

> Steve Gonzalez
> Accounts Payable Manager
> 1111 Lincoln Road
> Suite 300
> Miami Beach, FL 33139
> Telephone: 305-763-8272
> Fax: 305-763-8315

This paragraph is not applicable to any reference sought by Plaintiff and/or a prospective employer through any other current or former employee of Defendants.

       Plaintiff acknowledges and affirms that because of circumstances unique to him including, but not limited to, irreconcilable differences with Defendants, he shall not apply in the future for employment with Defendants. In the event Plaintiff does apply for employment with Defendants, Plaintiff acknowledges that Defendants has no duty to consider his application for re-hire.

       7.      **Non-Disparagement, and Liquidated Damages**.

4

CG

JM

a.      Plaintiff understands that if this Agreement were not signed, he would have the right to voluntarily assist other individuals or entities in bringing claims against Defendants. Plaintiff hereby waives that right and will not provide any such assistance other than assistance where compelled by a governmental agency in an investigation or proceeding.

b.      Plaintiff further agrees that, except as compelled by law, he shall not make any statement or take any action that, directly or indirectly, has the purpose or effect of disrupting or interfering with Defendants' business or operations.

c.      Plaintiff agrees not to defame, disparage, or demean Defendants in any manner whatsoever. Defendants and its owners and agents agree not to defame, disparage, or demean Garcia in any manner whatsoever.

8.      **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, the Parties affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the Parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Plaintiff agrees to execute a binding replacement release.

9.      **Amendment**. Except as provided in Paragraph 8 above, this Agreement may not be modified, altered, or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

10.      **Resolution of Disputes**. In the event the Plaintiff or Defendants breaches any provision of this Agreement, the Parties affirm that either may institute an action to specifically enforce any term or terms of this Agreement. Any controversy or claim arising out of this Agreement, or the breach thereof, or any other dispute between the Parties, shall be decided by the appropriate court in Miami-Dade County, Florida, and all such claims shall be adjudicated by a judge sitting without a jury on an individual (not representative or multi-plaintiff) basis. In such an action, the prevailing Party shall be entitled to reasonable attorneys' fees and costs. The Parties hereby consent and waive any objection to the jurisdiction of such courts in Miami-Dade County, Florida.

11.      **Covenant Not To Sue**.      Provided that he receives the payment in accordance with Paragraph 2, Plaintiff agrees not to sue Defendants in any forum for any claim covered by the waivers and releases in Paragraph 4, except that Plaintiff may bring a claim to enforce this Agreement. Plaintiff also agrees not to participate in any class action or collective action against Defendants.

5

CG

JM

12. **No admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct of any kind.

13. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

14. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

15. **Legal Fees**. Each Party will be responsible for its own legal fees or costs incurred in this action.

16. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

17. **Competency**. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against Defendants. Plaintiff certifies he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against Defendants.

18. **Executable in Counterparts.**

This Agreement may be executed by the Parties in any number of actual, facsimile, or pdf. counterparts and on several counterparts, including electronically, each of which when so executed and delivered shall be deemed an original. The executed signature page(s) from each actual, facsimile or pdf counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

**PLAINTIFF HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ROBERT W. BROCK II, ESQ., REGARDING THE AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE,**

6



**SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

STATE OF ___Florida___ )

COUNTY OF ___Miami-Dade___ )

_____
CHRISTOPHER GARCIA

SWORN TO AND SUBSCRIBED before me this **25** day of November, 2015, by CHRISTOPHER GARCIA, who is personally known to me or has produced ___DL___ as identification.

Esther L. Troche
A COMMISSION # FF171008
EXPIRES: October 22, 2018
WWW.AARONNOTARY.COM

_____
(Notary Signature)

___Esther L. Troche___
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

CG

**1111 ROOF TOP, LLC**

By:

Its: Michael Reyes

Date: 12/03/15

**JONAS MILLAN**

By:

Date: 12, 1 · 15,

8

CG

# AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made on this 23 day of November, 2015, by and between 1111 Roof Top, LLC ("Roof Top") and Jonas Millan ("Millan") (together, "Defendants"), and Santiago Orellana ("Orellana" or "Plaintiff"):

WHEREAS, Plaintiff and Defendants (Plaintiff and Defendants are collectively referred to herein as "the Parties"), desire to resolve, settle and agree to approval by the Court and dismissal with prejudice of all claims and all issues which were or might have been raised in Plaintiff's Complaint filed in the Southern District of Florida, Case No. 15-22308-CIV-UU *Santiago Orellana, et al v. 1111 Roof Top, LLC and Millan* (the "Litigation"), and to preclude and release all claims of any kind, including any other claims under the Florida Minimum Wage Act, Article X, Section 24 of the Florida Constitution ("FMWA"), the Fair Labor Standards Act of 1938, as amended ("FLSA") and/or any related common law and/or statutory claims for unpaid or overtime wages, unpaid or misappropriated gratuities, unjust enrichment, breach of contract, or any other claim which Plaintiff (including, but not limited to, any present or former spouses, dependents, heirs, counsel, executors, successors, agents, assigns or representatives of the Plaintiff's referred to collectively hereafter as "Plaintiff") has made or could make against Defendants, whether known or unknown, arising up to and as of the date of the execution of the instant Agreement;

WHEREAS, the Parties understand and agree that the Defendants named herein (which include, but are not limited to, the above-captioned entities, and any present or former parent corporation(s), subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, successors, counsel, assigns, administrators, executors, owners, officers, partners, directors, agents, employees, representatives thereof and any present or former spouse, dependents, counsel, heirs, executors, successors, agents, assigns or representatives, personally and as otherwise might relate to them, who are all collectively referred to throughout this Agreement hereafter as "Defendants"), denies the allegations of wrongdoing of the Litigation;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever; and,

WHEREAS, the Parties wish to avoid litigation, settle, and resolve the controversy between them amicably and expeditiously.

1


SO



NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby,

STIPULATED AND AGREED by and between the undersigned Parties that the Litigation is hereby resolved as follows:

1. **Recitals**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **Consideration**. In consideration for the execution by Plaintiff of this Agreement, and compliance by Plaintiff with the promises made herein, Defendants agree to pay the below sums to Plaintiff and his attorney immediately after all three of the following conditions are met: a) the receipt of this Agreement containing Plaintiff's original signature; b) the Court's entry of an Order approving this settlement and dismissing the Litigation with prejudice; and c) a W-9 Form for Orellana:

       a) A check payable to "Santiago Orellana" in the amount of One Thousand Five Hundred Dollars ($1,500.00), less applicable withholdings, representing wages and liquidated damages, for which Orellana shall receive a Form 1099;

       b. Defendants shall issue appropriate tax forms to Orellana. Defendants have not given Orellana any tax advice and Orellana must ensure that all taxes relating to the payments made hereunder properly are paid. Plaintiff hereby agrees, represents and covenants that he will report and pay whatever taxes may be due by him, if any, as a result of the above-described payments by the Defendants (collectively, the "Settlement Payments") and that he will indemnify and hold harmless the Defendants against any claims relating thereto, including reasonable attorney's fees, interest and penalties. The Plaintiff also hereby agrees, represents and covenants that he is solely responsible for, and will pay, any attorneys' fees and costs owed to the Kuvin Firm and/or any other law firm or counsel and that he will indemnify and hold harmless the Defendants against any claims relating to such attorneys' fees and costs. The Settlement Payments shall constitute full satisfaction of all of the Plaintiff's claims against Defendants, including but not limited to any claims for costs or attorneys' fees, and a release of other claims and causes of action as set forth below.

       c. The consideration represents a complete settlement, satisfaction, release and waiver of all claims, including, but not limited to, those for alleged lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff may have against Defendants.

2


SO



3.   **No Consideration Absent Execution of This Agreement**.   Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

4.   **General Release of Claims**.   In return for the payments identified in Paragraph 2, Plaintiff knowingly and voluntarily waives, releases, and forever discharges Defendants of and from any and all claims, whether known and unknown, he has or may have against Defendants as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Florida Minimum Wage Act, Article X, § 24 of the Florida Constitution;
- The Fair Labor Standards Act;
- Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Plaintiff Retirement Income Security Act of 1974 ("ERISA"), as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990 (the "ADA"), as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- Family & Medical Leave Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistle-blower's Act – Fla. Stat. § 448.101, et seq.;
- Florida's Public-Sector Whistle-blower's Act – Fla. Stat. § 112.3187, et seq.;
- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Provision Regarding Wage Rate Discrimination Based on Sex – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida Omnibus AIDS Act – Fla. Stat. § 760.50;
- Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait – Fla. Stat. §§ 448.075, 448.076;
- Florida's General Labor Regulations, Fla. Stat. ch. 448;
- Any other federal, state or local wage, compensation, benefits, civil rights or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law.

3



5. **Acknowledgments and Affirmations**.

    a.    Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim against Defendants, other than the Litigation.

    b.    Plaintiff affirms that, upon payment of the sums in this Agreement, he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which he may be entitled from Defendants related to her prior employment. Plaintiff affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

    c.    Plaintiff affirms he has no known workplace injuries or occupational diseases.

    d.    Plaintiff further affirms he has not been retaliated against for reporting any allegations of wrongdoing by Defendants, including violations of the Fair Labor Standards Act or any allegations of corporate fraud. The Parties acknowledge that this Agreement does not limit either Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

    6.    **Neutral Reference, No Rehire & No Re-Entry**. Defendants agree to provide a neutral employment reference for Plaintiff in response to any prospective employment inquiry made to Defendants. Specifically, in response to any inquiry by an employer concerning Plaintiff, Defendants will provide only dates of employment and the last position held by Plaintiff. In order for this provision to be effective, Plaintiff agrees to direct any employer seeking the reference from Defendants to:

        Steve Gonzalez
        Accounts Payable Manager
        1111 Lincoln Road
        Suite 300
        Miami Beach, FL 33139
        Telephone: 305-763-8272
        Fax: 305-763-8315

This paragraph is not applicable to any reference sought by Plaintiff and/or a prospective employer through any other current or former employee of Defendants.

    Plaintiff acknowledges and affirms that because of circumstances unique to him including, but not limited to, irreconcilable differences with Defendants, he shall not apply in the future for employment with Defendants. In the event Plaintiff does apply for employment with Defendants, Plaintiff acknowledges that Defendants has no duty to consider his application for re-hire.

4


SO

JM

7. **Non-Disparagement, and Liquidated Damages**.

        a.     Plaintiff understands that if this Agreement were not signed, he would have the right to voluntarily assist other individuals or entities in bringing claims against Defendants. Plaintiff hereby waives that right and will not provide any such assistance other than assistance where compelled by a governmental agency in an investigation or proceeding.

        b.     Plaintiff further agrees that, except as compelled by law, he shall not make any statement or take any action that, directly or indirectly, has the purpose or effect of disrupting or interfering with Defendants' business or operations.

        c.     Plaintiff agrees not to defame, disparage or demean Defendants in any manner whatsoever. Defendants and its owners and agents agree not to defame, disparage or demean Orellana in any manner whatsoever.

        8.     **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, the Parties affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the Parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Plaintiff agrees to execute a binding replacement release.

        9.     **Amendment**. Except as provided in Paragraph 8 above, this Agreement may not be modified, altered, or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

        10.     **Resolution of Disputes**. In the event the Plaintiff or Defendants breaches any provision of this Agreement, the Parties affirm that either may institute an action to specifically enforce any term or terms of this Agreement. Any controversy or claim arising out of this Agreement, or the breach thereof, or any other dispute between the Parties, shall be decided by the appropriate court in Miami-Dade County, Florida, and all such claims shall be adjudicated by a judge sitting without a jury on an individual (not representative or multi-plaintiff) basis. In such an action, the prevailing Party shall be entitled to reasonable attorneys' fees and costs. The Parties hereby consent and waive any objection to the jurisdiction of such courts in Miami-Dade County, Florida.

        11.     **Covenant Not To Sue**.     Provided that he receives the payment in accordance with Paragraph 2, Plaintiff agrees not to sue Defendants in any forum for any claim covered by the waivers and releases in Paragraph 4, except that Plaintiff may bring a claim to

5


SO

enforce this Agreement. Plaintiff also agrees not to participate in any class action or collective action against Defendants.

12. **No admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct of any kind.

13. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

14. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

15. **Legal Fees**. Party will be responsible for its own legal fees and costs incurred in this action.

16. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

17. **Competency**. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against Defendants. Plaintiff certifies he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against Defendants.

18. **Executable in Counterparts.**

This Agreement may be executed by the Parties in any number of actual, facsimile, or pdf. counterparts and on several counterparts, including electronically, each of which when so executed and delivered shall be deemed an original. The executed signature page(s) from each actual, facsimile or pdf counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.


**PLAINTIFF HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ROBERT W. BROCK II, ESQ., REGARDING THE AGREEMENT.**

6


SO



**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

STATE OF _Florida_ )

COUNTY OF _Miami - Dade_ )

_____
SANTIAGO ORELLANA

SWORN TO AND SUBSCRIBED before me this 28 day of November, 2015, by SANTIAGO ORELLANA, who is personally known to me or has produced _Drivers License_ as identification.

_____
(Notary Signature)

_Robert Bell_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

Robert W. Brock II
COMMISSION # FF158603
EXPIRES: Feb. 26, 2018
WWW.AARONNOTARY.COM

7



**1111 ROOF TOP, LLC**

By:_____

Its:___Michael Reyes_____

Date:_____12/03/15_____

**JONAS MILLAN**

By:_____

Date:__12 - 1 - 15_____

8

## AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made on this 27 day of November, 2015, by and between 1111 Roof Top, LLC ("Roof Top") and Jonas Millan ("Millan") (together, "Defendants"), and Jeff Nielsen ("Nielsen" or "Plaintiff"):

WHEREAS, Plaintiff and Defendants (Plaintiff and Defendants are collectively referred to herein as "the Parties"), desire to resolve, settle and agree to approval by the Court and dismissal with prejudice of all claims and all issues which were or might have been raised in Plaintiff's Complaint filed in the Southern District of Florida, Case No. 15-22308-CIV-UU *Jeff Nielsen, et al v. 1111 Roof Top, LLC and Millan* (the "Litigation"), and to preclude and release all claims of any kind, including any other claims under the Florida Minimum Wage Act, Article X, Section 24 of the Florida Constitution ("FMWA"), the Fair Labor Standards Act of 1938, as amended ("FLSA") and/or any related common law and/or statutory claims for unpaid or overtime wages, unpaid or misappropriated gratuities, unjust enrichment, breach of contract, or any other claim which Plaintiff (including, but not limited to, any present or former spouses, dependents, heirs, counsel, executors, successors, agents, assigns or representatives of the Plaintiff's referred to collectively hereafter as "Plaintiff") has made or could make against Defendants, whether known or unknown, arising up to and as of the date of the execution of the instant Agreement;

WHEREAS, the Parties understand and agree that the Defendants named herein (which include, but are not limited to, the above-captioned entities, and any present or former parent corporation(s), subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, successors, counsel, assigns, administrators, executors, owners, officers, partners, directors, agents, employees, representatives thereof and any present or former spouse, dependents, counsel, heirs, executors, successors, agents, assigns or representatives, personally and as otherwise might relate to them, who are all collectively referred to throughout this Agreement hereafter as "Defendants"), denies the allegations of wrongdoing of the Litigation;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever; and,

WHEREAS, the Parties wish to avoid litigation, settle, and resolve the controversy between them amicably and expeditiously.

1

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby,

STIPULATED AND AGREED by and between the undersigned Parties that the Litigation is hereby resolved as follows:

1.    **Recitals**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **Consideration**. In consideration for the execution by Plaintiff of this Agreement, and compliance by Plaintiff with the promises made herein, Defendants agree to pay the below sums to Plaintiff and his attorney immediately after all three of the following conditions are met: a) the receipt of this Agreement containing Plaintiff's original signature; b) the Court's entry of an Order approving this settlement and dismissing the Litigation with prejudice; and c) a W-9 Form for Law Office of Lowell J. Kuvin and Nielsen:

> a) A check payable to "Jeff Nielsen" in the amount of One Thousand Dollars ($1000.00), less applicable withholdings, representing wages and liquidated damages, for which Nielsen shall receive a Form 1099;

> c) A check payable to "Law Office of Lowell J. Kuvin" in the amount of Five Hundred Dollars ($500.00), as attorneys' costs, and for which a separate IRS Form 1099 shall issue to Law Office of Lowell J. Kuvin.

b.    Defendants shall issue appropriate tax forms. Defendants have not given Nielsen any tax advice and Nielsen must ensure that all taxes relating to the payments made hereunder properly are paid. Plaintiff hereby agrees, represents and covenants that he will report and pay whatever taxes may be due by him, if any, as a result of the above-described payments by the Defendants (collectively, the "Settlement Payments") and that he will indemnify and hold harmless the Defendants against any claims relating thereto, including reasonable attorney's fees, interest and penalties. The Plaintiff also hereby agrees, represents and covenants that he is solely responsible for, and will pay, any attorneys' fees and costs owed to the Kuvin Firm and/or any other law firm or counsel and that he will indemnify and hold harmless the Defendants against any claims relating to such attorneys' fees and costs. The Settlement Payments shall constitute full satisfaction of all of the Plaintiff's claims against Defendants, including but not limited to any claims for costs or attorneys' fees, and a release of other claims and causes of action as set forth below.

c.    The consideration represents a complete settlement, satisfaction, release, and waiver of all claims, including, but not limited to, those for alleged lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff may have against Defendants.

2


JN

3.   **No Consideration Absent Execution of This Agreement**.   Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

4.   **General Release of Claims**.   In return for the payments identified in Paragraph 2, Plaintiff knowingly and voluntarily waives, releases, and forever discharges Defendants of and from any and all claims, whether known and unknown, he has or may have against Defendants as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Florida Minimum Wage Act, Article X, § 24 of the Florida Constitution;
- The Fair Labor Standards Act;
- Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Plaintiff Retirement Income Security Act of 1974 ("ERISA"), as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990 (the "ADA"), as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- Family & Medical Leave Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistle-blower's Act – Fla. Stat. § 448.101, et seq.;
- Florida's Public-Sector Whistle-blower's Act – Fla. Stat. § 112.3187, et seq.;
- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Provision Regarding Wage Rate Discrimination Based on Sex – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida Omnibus AIDS Act – Fla. Stat. § 760.50;
- Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait – Fla. Stat. §§ 448.075, 448.076;
- Florida's General Labor Regulations, Fla. Stat. ch. 448;
- Any other federal, state or local wage, compensation, benefits, civil rights or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law.

3

JN

JM

5. **Acknowledgments and Affirmations**.

a. Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim against Defendants, other than the Litigation.

b. Plaintiff affirms that, upon payment of the sums in this Agreement, he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which he may be entitled from Defendants related to her prior employment. Plaintiff affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

c. Plaintiff affirms he has no known workplace injuries or occupational diseases.

d. Plaintiff further affirms he has not been retaliated against for reporting any allegations of wrongdoing by Defendants, including violations of the Fair Labor Standards Act or any allegations of corporate fraud. The Parties acknowledge that this Agreement does not limit either Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Neutral Reference, No Rehire & No Re-Entry**. Defendants agree to provide a neutral employment reference for Plaintiff in response to any prospective employment inquiry made to Defendants. Specifically, in response to any inquiry by an employer concerning Plaintiff, Defendants will provide only dates of employment and the last position held by Plaintiff. In order for this provision to be effective, Plaintiff agrees to direct any employer seeking the reference from Defendants to:

Steve Gonzalez
Accounts Payable Manager
1111 Lincoln Road
Suite 300
Miami Beach, FL 33139
Telephone: 305-763-8272
Fax: 305-763-8315

This paragraph is not applicable to any reference sought by Plaintiff and/or a prospective employer through any other current or former employee of Defendants.

Plaintiff acknowledges and affirms that because of circumstances unique to him including, but not limited to, irreconcilable differences with Defendants, he shall not apply in the future for employment with Defendants. In the event Plaintiff does apply for employment with Defendants, Plaintiff acknowledges that Defendants has no duty to consider his application for re-hire.

4

JN

JM

7. **Non-Disparagement, and Liquidated Damages**.

      a.    Plaintiff understands that if this Agreement were not signed, he would have the right to voluntarily assist other individuals or entities in bringing claims against Defendants. Plaintiff hereby waives that right and will not provide any such assistance other than assistance where compelled by a governmental agency in an investigation or proceeding.

      b.    Plaintiff further agrees that, except as compelled by law, he shall not make any statement or take any action that, directly or indirectly, has the purpose or effect of disrupting or interfering with Defendants' business or operations.

      c.    Plaintiff agrees not to defame, disparage or demean Defendants in any manner whatsoever. Defendants and its owners and agents agree not to defame, disparage or demean Nielsen in any manner whatsoever.

8. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, the Parties affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the Parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Plaintiff agrees to execute a binding replacement release.

9. **Amendment**. Except as provided in Paragraph 8 above, this Agreement may not be modified, altered, or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

10. **Resolution of Disputes**. In the event the Plaintiff or Defendants breaches any provision of this Agreement, the Parties affirm that either may institute an action to specifically enforce any term or terms of this Agreement. Any controversy or claim arising out of this Agreement, or the breach thereof, or any other dispute between the Parties, shall be decided by the appropriate court in Miami-Dade County, Florida, and all such claims shall be adjudicated by a judge sitting without a jury on an individual (not representative or multi-plaintiff) basis. In such an action, the prevailing Party shall be entitled to reasonable attorneys' fees and costs. The Parties hereby consent and waive any objection to the jurisdiction of such courts in Miami-Dade County, Florida.

11. **Covenant Not To Sue**.    Provided that he receives the payment in accordance with Paragraph 2, Plaintiff agrees not to sue Defendants in any forum for any claim covered by the waivers and releases in Paragraph 4, except that Plaintiff may bring a claim to

5


JN

enforce this Agreement. Plaintiff also agrees not to participate in any class action or collective action against Defendants.

      12.   **No admission of Wrongdoing**.   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct of any kind.

      13.   **Entire Agreement**.   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

      14.   **Section Headings**.   Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

      15.   **Legal Fees**.   Each Party will be responsible for its own legal fees or costs incurred in this action.

      16.   **Joint Participation in Preparation of Agreement**.   The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

      17.   **Competency**.   Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against Defendants. Plaintiff certifies he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against Defendants.

      18.   **Executable in Counterparts.**

      This Agreement may be executed by the Parties in any number of actual, facsimile, or pdf. counterparts and on several counterparts, including electronically, each of which when so executed and delivered shall be deemed an original. The executed signature page(s) from each actual, facsimile or pdf counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

      **PLAINTIFF HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ROBERT W. BROCK II, ESQ., REGARDING THE AGREEMENT.**

_JN_

JN

_JM_

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

STATE OF _Florida_ )

COUNTY OF _Miami-Dade_ )

_____
JEFF NIELSEN

SWORN TO AND SUBSCRIBED before me this 27 day of November, 2015, by JEFF NIELSEN, who is personally known to me or has produced DL _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

Esther L. Troche
COMMISSION # FF171008
EXPIRES: October 22, 2018
WWW.AARONNOTARY.COM

_Esther L. Troche_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

7

JN
—
JN

**1111 ROOF TOP, LLC**

By: _____

Its: Michael Reyes
_____

Date: 12/03/15
_____

**JONAS MILLAN**

By: _____

Date: 12-1-15
_____

8

JN